```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
                   CAMDEN VICINAGE
```

|  |  |
|---|---|
| FRANK ROY, | : |
|     Plaintiff, | : Civil Action No.<br>: 13-4256 (RMB/JS) |
|       v. | : |
| WAL-MART, | : **MEMORANDUM ORDER** |
|     Defendant. | : |

**BUMB**, UNITED STATES DISTRICT JUDGE:

    On June 4, 2013, Plaintiff Frank Roy filed a Complaint (the "Complaint") against Defendant Wal-Mart ("Wal-Mart").  On July 11, 2013, Defendant Wal-Mart removed this matter to the United States District Court for the District of New Jersey on the basis of diversity of citzenship pursuant to 28 U.S.C. § 1332.

    Although the Complaint does not set forth the nature of the claims, Defendant Wal-Mart has interpreted Plaintiff's claims as theft by deception under the New Jersey Code of Criminal Justice, NJSA2C:20-4, and violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, et seq. and the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-12.  Plaintiff has not disputed Wal-Mart's interpretation of his claims.

    According to the Complaint, Plaintiff alleges that on April 24, 2013, Wal-Mart Store representative "CSS Anita" refused to exchange

or credit Plaintiff's merchandise, without good reason.  Plaintiff claims that by failing to provide a good reason why his merchandise could not be returned, "CSS Anita" discriminated against him based on race, age, and gender.  Additionally, Plaintiff claims theft by deception by Wal-Mart because "CSS Anita" refused to give her last name and acted in deceptive practices.

Wal-Mart has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Docket No. 6]  For the reasons that follow, the motion is GRANTED.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009).

The Complaint at issue here fails to provide either the grounds for the Court's jurisdiction or a short and plain statement of the claims showing that Plaintiff is entitled to relief. Instead, it provides only vague and conclusory assertions that the defendant, a private entity, discriminated against Plaintiff and engaged in theft

2

by deception by refusing to exchange or credit his merchandise.  The Complaint provides no additional details. Nor does the Complaint explain how defendant's actions constitute a violation of Plaintiff's civil rights or discrimination.  As Wal-Mart understandably states in its moving papers, "Plaintiff's Complaint defies any attempt by Wal-Mart to meaningfully answer or plead to it and leaves Wal-Mart having to guess the exact nature of his claims."  [Docket No. 6, page 8]

Even assuming Wal-Mart has properly construed Plaintiff's Complaint, the Complaint fails under Federal Rule of Civil Procedure 12(b)(6).  "[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)(internal citations omitted).  In deciding a motion to dismiss under Rule 12(b)(6), a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S.Ct. at 1974. Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County

<u>Intermediate Unit v. Pennsylvania Blue Shield,</u> 896 F.2d 808, 812 (3d Cir. 1990).  Here, the Complaint contains nothing more than unsupported bald assertions and conclusions.  Plaintiff has not alleged enough facts, indeed, hardly any, to state a claim that is plausible on its face.

ACCORDINGLY, IT IS HEREBY on this **2nd** day of **October 2013**,

**ORDERED** that Wal-Mart's Motion to Dismiss is GRANTED; and it is further

**ORDERED** that within twenty (20) days of the date of entry of this Order, Plaintiff shall file an amended complaint curing the deficiencies identified above under Rule 8(a); and it is further

**ORDERED** that If Plaintiff fails to file an amended complaint within twenty (20) days of the date of entry of this Order, Plaintiff's Complaint will be automatically dismissed by the Court for failure to state a claim upon which relief can be granted.


                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge