**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| FRANK ROY, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 13-4256 (RMB/JS) |
| | : | |
| v. | : | |
| | : | MEMORANDUM ORDER |
| WAL-MART STORES INC., | : | |
| | : | |
| Defendant. | : | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

On June 4, 2013, Plaintiff Frank Roy filed a Complaint (the "Complaint") against Defendant Wal-Mart ("Wal-Mart"). On July 11, 2013, Wal-Mart removed this matter to the United States District Court for the District of New Jersey on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

Wal-Mart filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 6], which this Court granted, finding that the Complaint contained nothing more than bald assertions, and Plaintiff had not alleged enough facts to state a claim that was plausible on its face. [Docket No. 11]. Pursuant to this Court's Order, entered on October 2, 2013, Plaintiff was directed to file an amended complaint curing the deficiencies identified within twenty (20) days of the entry of that Order. The Court further ordered that, if Plaintiff failed to file

an amended complaint within twenty (20) days of the date of entry of that Order, Plaintiff's Complaint would be automatically dismissed for failure to state a claim upon which relief can be granted.

Instead of filing the amended complaint as directed, within the time period directed, the Plaintiff filed a Motion for Summary Judgment [Docket No. 12], based on the allegations contained in his Complaint as already dismissed by this Court.  Because Plaintiff failed to file an amended complaint as directed, this Court denied Plaintiff's motion for summary judgment and further ordered that the above-captioned matter be administratively terminated subject to re-opening within twenty days if Plaintiff filed an amended complaint curing the deficiencies identified by this Court.  [Docket No. 15].

On November 18, 2013, this Court received Plaintiff's Amended Complaint alleging that an employee of Defendant Wal-Mart's Vineland, New Jersey store identified as "C.S.S. Anita" - "refused to give Plaintiff a refund for over the counter medicine that did not agree with medication that the Plaintiff was already taking." [Docket No. 18 at ¶4].  Plaintiff goes on to aver that he "is an African American Senior Citizen who was denied his rights under 42 U.S.C. 20083-c [sic]" and that the "Defendant misrepresented the terms of the exchange policy that is clearly posted in the store."  [Id. at ¶6].

This Court has reviewed Plaintiff's Amended Complaint and finds that it still fails to state a claim upon which relief may be granted. As clearly stated in this Court's prior Order, Federal Rule of Civil

Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009).

Although the Amended Complaint at issue here concludes that Plaintiff was "denied his rights" under a section of the United States Code, he fails to adequately plead any facts in support of this conclusion. Instead, the Amended Complaint provides only vague and conclusory assertions.

While this Court is mindful that this is a pro se pleading and must be construed liberally in favor of Plaintiff, see Erickson v. Pardus, 551 U.S. 89 (2007), Plaintiff's conclusory statements fail to meet the minimal standards of Rule 8(a). Moreover, in deciding a motion to dismiss under Rule 12(b)(6), a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). Here, the

Amended Complaint contains nothing more than unsupported bald assertions and conclusions.  Plaintiff has, again, failed to allege enough facts to state a claim that is plausible on its face.

FOR THESE REASONS,

**IT IS** on this, the **21st** day of **November 2013**, hereby

**ORDERED** that the Plaintiff's Amended Complaint is DISMISSED with prejudice.


s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

4